**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTENT IQ, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZETA GLOBAL CORP.,<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST ZETA GLOBAL CORP.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Intent IQ, LLC ("Intent IQ" or "Plaintiff") makes the following allegations against Defendant Zeta Global Corp. ("Defendant" or "Zeta"):

## INTRODUCTION AND PARTIES

1. This complaint arises from Defendant's unlawful infringement of the following United States patent, which generally relates to novel internet / network-based advertising systems and methods: United States Patent No. 8,677,398 (the "'398 patent" or "Asserted Patent"). Intent IQ owns the '398 patent and holds all enforcement rights.

2. Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101.

3. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. Intent IQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens.

Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

4. Zeta Global Corp. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 3 Park Avenue 33rd Floor, New York, NY 10016. Zeta Global Corp. may be served via its Delaware registered agent Incorporating Services, Ltd. at 3500 S. Dupont Hwy, Dover, DE 19901

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware, has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has committed and continues to commit acts of infringement in this District by, among other things, using products and services that infringe the Asserted Patent.

7. Venue is proper in this District because Defendant is incorporated under the laws of the State of Delaware.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,677,398

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014. A true and correct copy of the '398 patent is attached as Exhibit 1.

10. On information and belief, Defendant's Accused Instrumentalities (the Zeta DSP, including optimization algorithms and predictive signals such as Live Clicker that make use of household identity associations, and separately any Zeta Marketing Platform system performing bid enrichment or attribution functionality based on household linkages) directly infringe, literally and/or under the doctrine of equivalents, by performing one or more method claims of the '398 patent.

11. Defendant's infringement has been willful. Defendant knew of, or was willfully blind to, the '398 patent and that the Accused Instrumentalities infringed at least as early as August 18, 2026, when counsel for Plaintiff notified counsel for defendant that Intent IQ would pursue claims of infringement against Zeta as to the method claims of the '398 patent. A true and correct copy of the August 18, 2026 correspondence is attached as Exhibit 2. Despite Defendant's knowledge of or willful blindness to the '398 patent, Defendant continued and still continues to infringe the '398 patent. In doing so, Defendant knew, or should have known, that their conduct amounted to infringement of the '398 patent. Accordingly, Defendant is liable for willful infringement.

12. Defendant also knowingly and intentionally induce infringement of at least method claim 13 of the '398 patent in violation of 35 U.S.C. § 271(b) by providing the Accused Instrumentalities, which is provided and specifically configured to infringe the asserted claims, to Zeta customers and partners in the United States. Defendant has had knowledge of, or was willfully

blind to, the ’398 patent and the infringing nature of the Accused Instrumentalities at least as early as the August 18, 2026 correspondence, and continues to actively instruct and encourage its customers and partners on how to use the Accused Instrumentalities. When used as instructed, Defendant’s customers and partners use components of the Accused Instrumentalities to practice the method of claim 13 of the ’398 patent and directly infringe the asserted method claims. Defendant specifically intends that its actions will result in infringement of the asserted method claims of the ’398 patent or subjectively believes that its actions will result in infringement of the asserted method claims, but took deliberate actions to avoid learning of the facts.

13. Defendant has also infringed, and continues to infringe, method claims of the ’398 patent by offering to commercially distribute, commercially distributing, and/or making components of the Accused Instrumentalities, which embody a material part of the invention of the ’398 patent. Defendant has knowledge of or is willfully blind to the fact that components of the Accused Instrumentalities are specifically made or adapted for use in an infringing manner, and there is no substantial non-infringing use to Zeta’s provision of linkages of identifiers based on recognizing that the devices using those identifiers connected to the Internet via a common local area network. Accordingly, Defendant has been, and currently is, contributorily infringing the ’398 patent, in violation of 35 U.S.C. § 271(c).

14. Defendant, through the Accused Instrumentalities, performs all claim limitations of one or more method claims of the ’398 patent. By way of example, a claim chart comparing independent method claim 13 of the ’398 patent to Defendant’s infringing activity is attached as Exhibit 3, which is hereby incorporated by reference in its entirety.

15. By using the Accused Instrumentalities in the United States, Defendant has injured Plaintiff and is liable for infringement of the ’398 patent pursuant to 35 U.S.C. § 271.

16. As a result of Defendant's infringement of the '398 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

17. Plaintiff is entitled to past damages for Defendant's direct infringement of the '398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiff has only asserted method claims of the '398 patent.

18. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '398 patent, and, specifically, enjoining further use that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has directly and indirectly infringed the '398 Patent, either literally and/or under the doctrine of equivalents;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patent;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: October 16, 2026

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*

Of Counsel:

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
Susan Y. Tull
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
Mackenzie Paladino
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
stull@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com

mpaladino@raklaw.com